IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THORNBROUGH,            )<br>                                 )<br>            Plaintiff,            )<br>                                 )<br>     v.                          )<br>                                 )<br>WESTERN PLACER UNIFIED SCHOOL    )<br>DISTRICT, SCOTT LEAMAN, DAVID   )<br>GIRARD, KATHY ALLEN, ROBERT NOYES, )<br>and DOES 1-25,                  )<br>                                 )<br>            Defendants.          )<br>_____ ) | 2:09-cv-02613-GEB-GGH<br><br>ORDER GRANTING DEFENDANT<br>GIRARD'S MOTION TO DISMISS[*] |

On November 12, 2009, Defendant David Girard filed a motion in which he seeks to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6)("Rule 12(b)(6)"). Girard also filed a "special motion to strike" Plaintiff's state law claims under California's "anti-SLAPP" statute, California Civil Code of Procedure Section 425.16. For the reasons stated below, Girard's motion to dismiss is GRANTED and his anti-SLAPP motion is deemed MOOT.

**I. LEGAL STANDARD**

A motion under Rule 12(b)(6) "challenges a complaint's compliance with . . . pleading requirements." Champlaie v. BAC Home Loans Servicing, LP, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D. Cal. Oct. 22, 2009). A pleading must contain "a short and plain

---

[*] This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

In deciding a motion under Rule 12(b)(6), the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. See al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth. See Iqbal, 129 S. Ct. at 1949-50. To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Plausibility, however, requires more than "a sheer possibility that a defendant has acted unlawfully." Id. "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotations and citation omitted).

Girard's motion to dismiss is accompanied by a request for judicial notice of twenty-six documents. Most of these documents

cannot be considered in deciding Girard's dismissal motion without converting the motion into one for summary judgment. See Fed. R. Civ. P. 12(d); see also Knievel v. ESPN, 393, F.3d 1068, 1076 (9th Cir. 2005)(stating that in general, "when ruling on a motion to dismiss, [a court] must disregard facts that are not alleged on the face of the complaint or contained within documents attached to the complaint."). However, on a motion to dismiss, a court may consider matters properly subject to judicial notice, including "records and reports of administrative bodies." See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated in part on other grounds by, Astoria Federal Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991). Girard argues that administrative proceeding documents involving Plaintiff may be judicially noticed and considered. However, Girard has not demonstrated that these documents are "records and reports of administrative bodies." Id. Therefore, Girard's request for judicial notice of these documents is denied.

Girard also requests that judicial notice be taken of documents filed in a state court proceeding involving Plaintiff and the Western Placer Unified School District. However, this request is also denied since Girard has not shown that these documents are pertinent to the dismissal motion.

## II. BACKGROUND

Plaintiff was hired by the Western Placer Unified School District ("WPUSD") on July 8, 1997 as a maintenance worker and was eventually promoted to the position of Assistant Director of Maintenance. (Compl. ¶ 13.) Plaintiff alleges Girard "was, the [WPUSD's] legal advisor for personnel matters and was responsible for investigating

personnel matters and advising and directing WPUSD and its administrators." (Id. ¶ 11.)

Plaintiff's claims concern his allegations that Defendants improperly initiated administrative proceedings against him based upon false charges, and wrongfully terminated him, in retaliation for his complaints of improper spending and mismanagement within the school district. (Id. ¶¶ 14-25.) Specifically, Plaintiff alleges while performing his job responsibilities, he "became aware that [a] construction contractor hired by WPUSD was not providing specified construction materials" as required. (Id. ¶ 14.) Plaintiff alleges he "communicated with [Defendant and WPUSD Superintendent Leaman] about the construction [contractor]. . . problems . . . [as well as] the illegal failure of the contractor to use specified construction materials . . . ." (Id. ¶ 15.) Defendant Leaman allegedly requested that Plaintiff give him one year to address Plaintiff's concerns. (Id.)

As a result of expressing concerns over the construction contractor, Plaintiff alleges Defendant Leaman suspended Plaintiff and "had Superintendent Robert Noyes initiate administrative termination proceedings against [him] based on false accusations and without good cause." (Id. ¶ 16.) Plaintiff alleges the initiation of the administrative termination proceeding "[was] done in concert [by all Defendants] and in retaliation for [Plaintiff's] prior complaints . . . ." (Id.) Plaintiff further alleges "[Defendants Leaman, Noyes and Girard] conspired and agreed to falsely claim that [Plaintiff] [had] violated California's and WPUSD's sexual harassment laws and policies." (Id. ¶ 17.) Plaintiff alleges these "false charges" were "resolved by settlement." (Id.)

4

After resolution of the "false charges" against Plaintiff, Plaintiff alleges he took further actions to alert the WPUSD to problems within the district, including sending information and expressing his concerns to the Placer County Grand Jury, the editor of a local newspaper, and the WPUSD Board. (Id. ¶¶ 18-22.) Plaintiff also wrote a letter to Superintendent Kathy Allen to complain about a "change in purchase order procedures of the Maintenance Department." (Id. ¶ 20.)

Plaintiff alleges that in response to these actions, Defendant Leaman executed a "Statement of Charges and Recommendations for Dismissal" against Plaintiff, initiating an administrative termination proceeding. (Id. ¶ 24.) An administrative hearing before an officer selected by WPUSD occurred, at which, Plaintiff alleges "Defendants reasserted the false claims that they conjured in the [prior] administrative action." (Id.) At the administrative hearing, Defendant "Leaman [allegedly] testified . . . that he made the decision to terminate [Plaintiff] based on [the Statement of Charges and Recommendations for Dismissal]." (Id.) Plaintiff also alleges Defendant Leaman stated Defendant Girard drafted the "accusations" brought against him in the administrative proceeding. (Id.) WPUSD terminated Plaintiff effective April 29, 2009. (Id. ¶ 26.)

Plaintiff filed a complaint in this federal court on September 17, 2009, alleging eleven claims under federal and state law against WPUSD, Scott Leaman, David Girard, Kathy Allen, Robert Noyes and twenty-five Doe Defendants. Plaintiff's complaint alleges federal claims under 42 U.S.C. § 1983 and § 1985. Plaintiff's claims under California law include violations of the California Constitution, intentional infliction of emotional distress, negligent infliction of

emotional distress, retaliatory discharge in violation of California public policy and violations of the California Education Code and California Labor Code. Plaintiff's complaint alleges all eleven causes of action against all Defendants. The WPUSD and Defendants Noyes, Leaman, and Allen filed an answer to the complaint on November 2, 2009.

### III.  DISCUSSION
#### A.  Plaintiff's Federal Claims
**1.  Plaintiff's First and Sixth Claims Brought Under Section 1983**

Girard argues Plaintiff's first and sixth claims fail as a matter of law since Plaintiff cannot establish that Girard was "acting under the color of law." (Mot. to Dismiss 3.) Plaintiff rejoins that "[a]s a private party acting with public officials, Defendant Girard [c]ould . . . be liable for violations of [Plaintiff's] civil rights." (Opp'n. to Mot. to Dismiss 3.)

Plaintiff's first and sixth claims allege violations of federal law under 42 U.S.C. § 1983 ("Section 1983"). Plaintiff's first claim alleges Defendants violated his constitutional rights by initiating administrative proceedings against him in retaliation for exercising rights secured under the First Amendment to the United States Constitution. (Compl. ¶ 28.) Plaintiff's sixth claim is labeled "retaliation for federal whistle-blower activities" and alleges Defendants' initiation of "retaliatory and frivolous administrative proceedings" against him violated his "Fourteenth Amendment Rights to Equal Protection and Due Process of Law." (Id. ¶¶ 54, 55.)

Section 1983 provides that "every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States

1  . . . the deprivation of any rights, privileges, or immunities secured
2  by the Constitution and laws, shall be liable to the party injured in
3  an action at law, suit in equity, or other proper proceeding for
4  redress . . . ."  42 U.S.C. § 1983.  To state a claim under Section
5  1983, a plaintiff "must establish that [he] was deprived of a right
6  secured by the Constitution or laws of the United States, and that the
7  alleged deprivation was committed under the color of state law."
8  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).
9  "The traditional definition of acting under color of state law
10 requires that the defendant in a [Section] 1983 action have exercised
11 power possessed by virtue of state law and made possible only because
12 the wrongdoer is clothed with the authority of state law."  West v.
13 Atkins, 487 U.S. 42, 49 (1988)(quotations and citation omitted).
14 Therefore, Section 1983 "excludes from its reach merely private
15 conduct, no matter how discriminatory or wrongful."  Sullivan, 526
16 U.S. at 50 (quotations and citation omitted).
17      Plaintiff alleges Girard was the WPUSD's "legal advisor for
18 personnel matters" and "was acting in part as the agent of the WPUSD."
19 (Compl. ¶ 11.)  This allegation is insufficient to state a claim under
20 Section 1983.  While "a claim may lie against a private party who is a
21 willful participant in joint action with the State or its agents . . .
22 a bare allegation of such joint action will not overcome a motion to
23 dismiss; the plaintiff must allege facts tending to show that [the
24 defendant] acted under color of state law or authority."  Degrassi v.
25 City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000).
26      Plaintiff has only alleged in conclusory fashion that Girard
27 "conspired" with Defendants Leaman and Noyes to file "false claims"
28 against him.  (Compl. ¶ 17.)  This "bare allegation" of "joint action"

is insufficient to "overcome [the] motion to dismiss." <u>Degrassi</u>, 207 F.3d at 647. Therefore, these claims are dismissed.

**2.   Plaintiff's Third Claim Under Section 1985 for Conspiracy to Violate Constitutional Rights**

Girard also argues Plaintiff's claim under 42 U.S.C. § 1985 ("Section 1985") must be dismissed since Plaintiff's allegations of a conspiracy are conclusory. (Mot. to Dismiss 13-14.) Plaintiff counters, pointing to his allegations in Paragraphs 16 and 17 of the complaint in which he alleges the initiation of administrative termination proceedings was "done in concert" and Defendants "conspired and agreed to falsely claim that [Plaintiff] had violated California and WPUSD's sexual harassment laws and policies." (Compl. ¶¶ 16-17.)

Plaintiff, however, has not stated under which section of Section 1985 this claim is alleged. Plaintiff's allegations appear to allege a claim under Section 1985(3). Section 1985(3) - "the Ku Klux Klan Act of 1871 - was enacted by the Reconstruction Congress to protect individuals - primarily blacks - from conspiracies to deprive them of their legally protected rights." <u>Sever v. Alaska Pulp. Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992). To state a claim under Section 1985(3), a plaintiff must allege four elements: "(1) [a] conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." <u>Id.</u>

To satisfy the first element, the plaintiff must "state specific facts to support the existence of the claimed conspiracy." Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989). Conclusory allegations of a conspiracy are insufficient. See id. "Claims based on vague and conclusory allegations, which fail to specify each defendant's role in the alleged conspiracy, are subject to dismissal." Cox v. Ashcroft, 603 F. Supp. 2d 1261, 1271-72 (E.D. Cal. 2009). Plaintiff's sole allegation of a conspiracy is the conclusory statement that Girard "conspired and agreed to falsely claim" that Plaintiff had violated sexual harassment laws. (Compl. ¶ 17.) Therefore, Plaintiff's claim under Section 1985(3) fails to set forth facts showing that Girard was engaged in a conspiracy. "Plaintiff cannot rely on conclusory statements to support his allegation of constitutional injury." Cox, 603 F. Supp. 2d at 1272.

Further, to meet the second element of a claim under Section 1985(3), the "plaintiff must demonstrate a deprivation of [a constitutional right] motivated by some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators action." Sever, 978 F.2d at 1536. "[S]ection 1985(3) is extended beyond race only when the class in question can show that there has been governmental determination that its members require and warrant special federal assistance in protecting their civil rights." Sever, 978 F.2d at 1536 (quotations and citation omitted). Plaintiff does not allege invidious discrimination motivated by racial or class-based animus. Therefore, Plaintiff's Section 1985 claim is dismissed.

**3.   The Federal Litigation Privilege and Noerr-Pennington Doctrine**

Girard argues in the alternative that Plaintiff's federal claims alleged in his first, third and sixth causes of action are barred by

9

the "federal litigation privilege," including the Noerr-Pennington doctrine. However, since Plaintiff's federal claims are dismissed under Rule 12(b)(6), Girard's arguments under the federal litigation privilege and Noerr-Pennington doctrine are not reached.

### B. Plaintiff's State Law Claims

Plaintiff's eight claims alleged under California law are now discussed.

**1. Plaintiff's Second Claim for Violation of the California Constitution**

Girard argues Plaintiff's second claim brought under the Free Speech clause of the California constitution must be dismissed since Plaintiff's complaint fails to sufficiently allege Girard is a state actor. Plaintiff rejoins that the same arguments that support his contention that Girard acted "under the color of law" for purposes of Section 1983 demonstrate that there is state action.

California's free speech clause predicates a violation upon state action. See Golden Gateway Center v. Golden Gateway Tenants Assn., 26 Cal. 4th 1013, 1022 (2001). Therefore, "proper constitutional analysis [of a claim under this clause] requires . . . first address[ing] the threshold issue of whether . . . [the] state action requirement" has been satisfied. Id. (quotations and citation omitted). Since Plaintiff failed to allege that Girard's conduct constituted state action, this claim is dismissed.

**2. Plaintiff's Fourth Claim for Intentional Infliction of Emotional Distress**

Girard further argues Plaintiff's claim for intentional infliction of emotional distress should be dismissed since Plaintiff

has not pled that Girard engaged in outrageous conduct. (Mot. to Dismiss 15.) Plaintiff counters that the conduct alleged is sufficiently intentional and outrageous to be considered by a jury. (Opp'n. 5-6.)

To state a claim for intentional infliction of emotional distress, "a plaintiff must plead . . . that (1) the defendant engaged in outrageous conduct, and (2) the defendant's conduct was not privileged." Cantu v. Resolution Trust Corp., 4 Cal. App. 4th 857, 887 (1992). "[L]iability can be found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. at 888.

Plaintiff's complaint merely states in a conclusory manner the elements a claim for intentional infliction of emotional distress. The few acts allegedly committed by Girard, even if true, do not rise to the requisite level of outrageousness for maintenance of this claim. Therefore, this claim is dismissed.

**3. Plaintiff's Fifth Claim for Negligent Infliction of Emotional Distress**

Defendant also argues Plaintiff's fifth claim for negligent infliction of emotional distress should be dismissed because Plaintiff "failed to plead that [Girard], as outside counsel for WPUSD, owed him any kind of duty." (Mot. to Dismiss 15.) Plaintiff responds, arguing Girard owed him a duty as he "had a duty to conduct an appropriate investigation and to proceed on allegations that were honest and not arbitrary or pretextual." (Opp'n. to Mot. to Dismiss 7.)

Under California law, "the negligent causing of emotional distress is not an independent tort, but the tort of negligence."

Burgess v. Superior Court, 2 Cal. 4th 1064, 1072 (1992)(emphasis omitted). Therefore, to state a claim requires alleging the traditional elements of negligence; that is, duty, breach of duty, causation and damages. See id. However, "[t]he existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." Vasquez v. Residential Invs. Inc., 118 Cal. App. 4th 269, 278 (2004).

Under this claim, Plaintiff alleges "Defendants owed a duty [to him] to act reasonably so as to prevent violation of [his] Constitutional Rights." (Compl. ¶ 50.) However, Plaintiff cites no authority for the proposition that Girard owed a duty of care to Plaintiff in his capacity as "WPUSD's legal advisor" or "agent." Further, Plaintiff's complaint does not indicate what conduct by Girard breach the alleged duty of care. Therefore, this claim is dismissed.

**4.   Plaintiff's Seventh Claim for Retaliatory Discharge in Violation of California Public Policy**

Girard further argues Plaintiff's seventh claim for retaliatory discharge in violation of public policy must be dismissed because no employer-employee relationship existed between Plaintiff and Girard. (Mot. to Dismiss 16.) Plaintiff concedes Girard is not liable for this claim. (Opp'n. to Mot. to Dismiss 8.) Therefore, this claim is dismissed with prejudice.

**5.   Plaintiff's Eighth and Ninth Claims Under the California Education Code**

Girard also argues Plaintiff's eighth and ninth claims for violation of California Education Code Sections 44114 and 44113 must be dismissed because Plaintiff fails to allege any specific violation or conduct by Girard. (Mot. to Dismiss 18.) Girard further asserts

Plaintiff has not pleaded, as required, that Girard is a "public school employee." (Id.)  Plaintiff concedes he cannot state a claim under California Education Code Section 44113 in his ninth claim, but requests leave to amend his eighth claim, brought under Section 4113, to more specifically allege that Girard "acted as an aider and abetter in the violation of Education Code § 44113." (Opp'n. to Mot. to Dismiss 8.)  Therefore, Plaintiff's eighth claim is dismissed and his ninth claim is dismissed with prejudice.

**6. Plaintiff's Tenth and Eleventh Claims Under the California Labor Code**

Girard argues Plaintiff's tenth and eleventh claims alleged under the California Labor Code must be dismissed since no employer-employee relationship existed between Plaintiff and Girard.  Plaintiff concedes that Girard is not liable under these claims.  Therefore, Plaintiff's claims brought against Girard under the California Labor Code are dismissed with prejudice.

**7. The Litigation Privilege**

Girard alternatively argues Plaintiff's state law claims should be dismissed under California's litigation privilege.  However, as Plaintiff's state claims fail to comply with Rule 12(b)(6), Girard's argument under the litigation privilege is not reached.

**8. Girard's Anti-SLAPP Motion**

Since Girard's Rule 12(b)(6) motion to dismiss is granted, his anti-SLAPP motion is deemed to be moot and not reached. See Verizon Delaware Inc. v. Covad Communications Co., 377 F.3d 1081, 1091 (9th Cir. 2004)(upholding district court's decision to allow amendment of complaint before reaching the anti-SLAPP motion); see also Flores v. Emerich & Fike, No. 1:05-CV-0291 OWW DLB, 2006 WL 2536615, at *10

(E.D. Cal. Aug. 31, 2006)(stating that "Verizon suggest[s] that a federal court should hesitate to hear and decide an anti-SLAPP motion to strike prior to affording a plaintiff an opportunity to amend.").

### IV. CONCLUSION

For the stated reasons, Girard's Rule 12(b)(6) motion is GRANTED and his special motion to strike brought under California's anti-SLAPP statute is deemed MOOT. Plaintiff, however, is granted leave to amend any claim against Defendant Girard that has not been dismissed with prejudice. Any amended pleading shall be filed within fourteen (14) days of the date on which this order is filed.

Dated: December 27, 2009

GARLAND E. BURRELL, JR.
United States District Judge