1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  MICHAEL THORNBROUGH,                )
                                        )
12                 Plaintiff,           )    2:09-cv-02613-GEB-GGH
                                        )
13          v.                          )    ORDER ON DEFENDANTS' PENDING
                                        )    MOTIONS*
14  WESTERN PLACER UNIFIED SCHOOL       )
    DISTRICT, SCOTT LEAMAN, DAVID       )
15  GIRARD, KATHY ALLEN, AND ROBERT     )
    NOYES,                              )
16                                      )
                   Defendants.          )
17  _____    )

18              Four pending motions were filed by various defendants, each

19  challenging Plaintiff's first amended complaint.  Defendants Scott

20  Leaman, Kathy Allen, Robert Noyes and the Western Placer Unified

21  School District ("WPSUD") (collectively, the "School District

22  Defendants"), filed a motion under Federal Rule of Civil Procedure

23  12(b)(6) to dismiss Plaintiff's first amended complaint.  (Docket No.

24  39.)  Defendant David Girard also filed a dismissal motion under

25  Federal Rule of Civil Procedure 12(b)(6) and a motion to strike

26  certain portions of Plaintiff's first amended complaint under Federal

27  _____

28          *    This matter is deemed to be suitable for decision without oral
    argument.  E.D. Cal. R. 230(g).

                                    1

Rule of Civil Procedure 12(f) and a "special motion to strike" Plaintiff's state law claims under California's "anti-SLAPP" statute, California Civil Procedure Code section 425.16.  (Docket Nos. 40, 42, 48.)  For the reasons stated below, the School District Defendants' dismissal motion is granted and denied in part; Defendant Girard's Rule 12(b)(6) dismissal motion and his anti-SLAPP motion to strike are granted and his motion to strike under Rule 12(f) is denied as moot.

## I.  LEGAL STANDARDS

### A.  Standard for Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion "challenges a complaint's compliance with . . . pleading requirements." Champlaie v. BAC Home Loans Servicing, LP, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D. Cal. Oct. 22, 2009).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Further, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Iqbal, 129 S. Ct. at 1949. Plausibility, however, requires more than "a sheer possibility that a defendant has acted unlawfully." Id. "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotations and citation omitted).

   In evaluating a dismissal motion under Rule 12(b)(6), the court "accept[s] as true all facts alleged in the complaint, and draw[s] all reasonable inferences in favor of the plaintiff." Al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth. See Iqbal, 129 S. Ct. at 1949-50.

   The School District Defendants' dismissal motion is accompanied by a request that the court take judicial notice of two documents: 1) the Hearing Officer's Modified Findings and Recommendation submitted to the WPUSD Board of Trustees on April 28, 2009 in the In re Michael Thornbrough administrative proceeding; and 2) the Minutes from the special meeting of the WPUSD Board of Trustees held on April 28, 2009. (Request for Judicial Notice ("RJN") Exs. A, B.) Defendants argue the Hearing Officer's Modified Findings and Recommendation and the WPUSD Board of Trustee's Minutes "fall[] within the definition of 'adjudicative facts' and may be judicially noticed." (School District Defs.' Mot. to Dismiss 6:15-21.) Plaintiff counters arguing the Hearing Officer's Findings and Recommendation and the WPUSD's actions "are not final because they are subject to a pending writ petition filed in the Placer County Superior Court." (Pl.'s Objections to School District Defs.' RJN 1:23-24.) Plaintiff further argues that while the court may take judicial notice of the fact that

findings were made, it may not treat the Hearing Officer's conclusions as binding or conclusive in this action. (Id. 2:10-13.)

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). "The existence and authenticity of a document which is a matter of public record is judicially noticeable such as the authenticity and existence of a particular order, pleading, public proceeding, which are matters of public record, but the veracity and validity of their contents (the underlying arguments made by the parties, disputed facts, and conclusions of fact) are not." Cactus Corner, LLC v. United States Dep't of Agric., 346 F. Supp. 2d 1075, 1099 (E.D. Cal. 2004) (citations omitted) (taking judicial notice of the existence and authenticity of data report created and published by the Department of Agriculture but not the accuracy or validity of the contents of the report which were disputed).

Since the Hearing Officer's Findings and Recommendation and the WPUSD Minutes are matters of public record, they may be judicially noticed. However, judicial notice is limited to the existence of these documents and recognition that the opinions contained therein have been stated. See id. at 1000. Therefore, neither the Hearing Officer's Findings and Recommendation nor the WPUSD Minutes are "dispositive of any issue in th[is] case." Transmission Agency of N. Cal. v. Sierra Pacific Power Co., 295 F.3d 918, 924 n.3 (9th Cir. 2002) (finding opinion of administrative judge could be judicially

noticed even where opinion was subject to further administrative and judicial review).

### B.  Motion to Strike Under Cal. Civ. Proc. Code § 425.16

California Civil Procedure Code section 425.16 ("section 425.16"), known as the "anti-SLAPP statute," "provide[s] a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights." Rusheen v. Cohen, 37 Cal. 4th 1048, 1055-56 (2006).  Specifically, section 425.16(b)(1) provides:

> A cause of action against a person arising from any act of that person's right of petition or free speech under the United States Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

The Ninth Circuit explained the process for evaluating an anti-SLAPP motion in Hilton v. Hallmark Cards:

> California courts evaluate a defendant's anti-SLAPP motion in two steps.  First, the defendant moving to strike must make a threshold showing that the act or acts of which the plaintiff complains were taken in furtherance of the defendant's right of petition or free speech under the United States or California Constitution in connection with a public issue as defined in . . . the statute.  Second, if the court finds that such a showing has been made, it must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim.  Put another way, the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.

599 F.3d 894, 903 (9th Cir. 2010) (quotations and citations omitted).

However, "[s]pecial procedural rules apply where an anti-SLAPP motion is brought in federal court." Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1109 (C.D. Cal. 2009) (citing Bulletin Displays, LLC

1  v. Regency Outdoor Advertising, Inc., 448 F. Supp. 2d 1172, 1180 (C.D.

2  Cal. 2006)); see also Verizon Delaware, Inc. v. Covad Commc'ns Co.,

3  377 F.3d 1081, 1091 (9th Cir. 2004) (stating that "procedural state

4  laws are not used in federal court if to do so would result in a

5  direct collision with a Federal Rule of Civil Procedure . . . .").

> If a defendant makes an anti-SLAPP motion based on the plaintiff's failure to submit evidence to substantiate its claims, the motion is treated as a motion for summary judgment, and discovery must be developed sufficiently to permit summary judgment under Rule 56.   This is because to permit a defendant to invoke the Anti-SLAPP statute to require a plaintiff to present evidence to support his claims before an opportunity for discovery would directly conflict with Federal Rule of Civil Procedure 56.  If an anti-SLAPP motion is based on legal deficiencies in the complaint, a federal court must determine the motion in a manner that complies with the standards set by Federal Rules 8 and 12.

14 Lauter, 642 F. Supp. 2d at 1109 (quotation and citations omitted)

15 (denying anti-SLAPP motion without prejudice because discovery had not

16 closed).

17      In this case, Girard's anti-SLAPP motion challenges both the

18 legal sufficiency of Plaintiff's allegations as well as Plaintiff's

19 failure to substantiate his claims with evidentiary support.  However,

20 since this action is still in its infancy, requiring Plaintiff to

21 present evidence to support his claims without the opportunity for

22 discovery would directly conflict with Federal Rule of Civil Procedure

23 56.  See Rogers v. Home Shopping Network, Inc., 57 F. Supp. 2d 973,

24 980 (C.D. Cal. 1999) (stating that "[i]f a defendant desires to make a

25 special motion to strike [under section 425.16] based on the

26 plaintiff's lack of evidence, the defendant may not do so until

27 discovery has been developed sufficiently to permit summary judgment

28 under Rule 56.")  Therefore, only Defendant Girard's arguments

challenging the legal sufficiency of Plaintiff's complaint under Federal Rules 8 and 12  will be considered.

Defendant Girard filed a Supplemental Request for Judicial Notice with his reply brief supporting his anti-SLAPP motion to strike, in which he requests the court take judicial notice of the April 28, 2009 Decision of the WPUSD Governing Board, Resolution No. 08/09.19, adopting the Hearing Officer's Findings and Recommendation to the Board of Trustees to terminate the employment of Plaintiff. Since this document is a matter of public record, the existence of the Resolution may be judicially noticed.

## II.   BACKGROUND

### A.   Plaintiff's Allegations

The WPUSD hired Plaintiff on July 8, 1997 as a maintenance worker. (First Amended Compl. ("FAC") ¶ 1.)  Plaintiff was eventually promoted to the position of Assistant Director of Maintenance, which is the position he held during the time period at issue. (Id. ¶ 1.) The WPUSD, however, terminated Plaintiff effective April 29, 2009, after an administrative hearing. (Id. ¶ 25.)  Plaintiff's claims stem from his allegations that defendants improperly initiated administrative proceedings against him based on false charges, and wrongfully terminated him in retaliation for his reporting of improper spending and mismanagement within the WPUSD.  (Id. ¶ 1.)

Plaintiff alleges that at some time prior to 2006, he discovered as he worked that a construction contractor hired by the WPUSD "was omitting higher quality materials and substituting materials of lesser quality and lower cost without passing on the cost savings to WPUSD." (Id. ¶ 14.)  Plaintiff alleges that he "communicated with [incoming WPUSD Superintendent] Leaman about the

construction cost problems, as well as [the outgoing Superintendent's] . . . failure to adequately address" the issue.  (Id. ¶ 15.) Defendant Leaman allegedly requested that Plaintiff "give him a year to address [Plaintiff's] concerns."  (Id.)

Plaintiff alleges Defendant Leaman suspended him in April 2007 "in retaliation" for Plaintiff's "prior complaints of misspending, mismanagement . . . and inefficiency;" and, that Leaman "had Superintendent Robert Noyes initiate administrative termination proceedings against [Plaintiff] based on false accusations and without good cause."  (Id. ¶ 16.)  More specifically, Plaintiff alleges Defendants Leaman, Noyes and Girard "conspired and agreed to falsely claim that [Plaintiff had] violated California's Fair Employment and Housing Act . . . and WPUSD's sexual harassment policies."  (Id. ¶ 17.) Plaintiff alleges "[t]he claim of sexual harassment was based solely on a report of a singular incident [in which Plaintiff] purportedly commented privately to two male co-workers [about] a female co-worker's breasts."  (Id.)  Defendant Girard allegedly "drafted" "[t]he charges of sexual harassment" against Plaintiff. (Id.)  These allegedly "false charges" "were eventually resolved by settlement."  (Id.)

After the settlement of the "false charges," Plaintiff alleges he took further actions to alert the WPUSD to problems within the school district.  (Id. ¶¶ 18-24.)  For example, on August 15, 2007, Plaintiff sent a binder entitled "Questions Regarding District Construction Projects" to members of the WPUSD Board of Trustees. (Id. ¶ 18.)  A copy of the August 2007 binder was also delivered to the Placer County grand jury as well as the editor of a local newspaper.  (Id.)  Plaintiff also allegedly wrote a letter to

Assistant Superintendent Kathy Allen in December 2007, in which he complained about "a change in purchase order procedures" within the school district.  (<u>Id.</u> ¶ 20.)  Further, Plaintiff alleges he also "sent a letter to Leaman, asking for an update on the issues reported to the WPUSD Board" in the August 2007 binder.  (<u>Id.</u> ¶ 21.)

After Plaintiff received no response from the WPUSD Board or Defendants Leaman or Allen, Plaintiff allegedly sent another letter to the WPUSD Board of Trustees on April 23, 2008, in which he "advised the Board of allegations that WPUSD had been presented with a forged contract from the Wausau Paper Company"; that an employee "had been participating in kick boxing while he was on restricted duty for an alleged on the job injury[;]" and that another employee had made incorrect entries in her husband's time records.  (<u>Id.</u> ¶ 22.) Plaintiff also alleges that on May 22, 2008, he sent a letter to the Placer County grand jury and to the WPUSD Board of Trustees, "notifying them that the Board and administration had failed to respond to the reports of fraud, misconduct, and inefficiency [and that] . . . the WPUSD administration was wasting WPUSD funds and ignoring complaints of criminal activity."  (<u>Id.</u> ¶ 23.)

Plaintiff further alleges that in response to these reports, Defendant Allen "issued a reprimand of [Plaintiff], and Leaman executed a Statement of Charges and Recommendation for Dismissal of [Plaintiff] that was drafted by Girard," which initiated administrative termination proceedings.  (<u>Id.</u> ¶ 24.)  An administrative hearing was held before a hearing officer selected by WPUSD.  (<u>Id.</u> ¶ 25.)  The hearing officer issued his Findings and Recommendation on April 26, 2009, recommending that the Governing Board of the WPUSD terminate Plaintiff from employment.  (RJN Ex. A.)

The hearing officer's Findings and Recommendation were adopted by the WPUSD Board on April 28, 2009 and Plaintiff was terminated.  (RJN Ex. B.)

### B.  Procedural Background

Plaintiff filed his original complaint in this federal court on September 17, 2009, in which he alleged eleven claims under federal and state law against Defendants Leaman, Girard, Allen, Noyes and the WPUSD.  Defendant Girard filed a motion to dismiss that complaint on November 12, 2009 under Federal Rule of Civil Procedure 12(b)(6), and an anti-SLAPP motion to strike Plaintiff's state law claims. Defendant Girard's Rule 12(b)(6) dismissal motion was granted and his anti-SLAPP motion was denied as moot in an order filed on December 29, 2009; that order granted Plaintiff leave to amend his complaint. Plaintiff filed his now operative, first amended complaint on January 12, 2010, and Defendants subsequently filed their pending motions.

### III.  DISCUSSION

### A.  Defendant Girard's Motion to Dismiss

Girard argues Plaintiff has failed to cure the deficiencies identified in the prior dismissal order and Plaintiff's claims remain legally deficient.  Plaintiff opposes the dismissal motion.

**1.  Plaintiff's Federal Claims Alleged Against Girard**

**a.  First and Sixth Claims Brought Under 42 U.S.C. § 1983**

Girard argues Plaintiff's first and sixth claims should be dismissed since Plaintiff has not sufficiently alleged that Girard was "acting under color of state law."  (Girard Mot. to Dismiss 6:13-8:24.)  Girard further argues "it is established that private attorneys, such as [himself], are simply not state actors within the purview of § 1983."  (Id. 7:27-28.)  Plaintiff rejoins that his first

amended complaint "adequately alleges state action that is legally attributable to defendant Girard because he acted jointly with . . . Leaman to violate [P]laintiff's rights."  (Opp'n to Girard's Mot. to Dismiss 9:4-7.)

Plaintiff's first and sixth claims allege violations of 42 U.S.C. § 1983 ("section 1983").  Plaintiff alleges in his first claim that "Defendants' charges, the initiation of administrative proceedings and the termination of [Plaintiff] were in retaliation for [Plaintiff's] exercise of rights secured by the First Amendment of the Constitution."  (FAC ¶ 28.)  Plaintiff alleges in his sixth claim that "Defendants . . . initiated retaliatory and frivolous administrative proceedings and actions against [him]" and "[t]hese actions . . . were . . . done to retaliate against Plaintiff . . . in violation of his Constitutional Rights under 42 U.S.C. § 1983 (Fourteenth Amendment) and other Constitutional Rights."  (Id. ¶ 55.)

"Section 1983 imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws."  Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983).  Therefore, a plaintiff "suing a private individual under § 1983 must demonstrate that the private individual acted under color of state law . . . .  Section 1983 liability attaches only to individuals who carry a badge of authority of a State and represent it in some capacity."  Id. (quotations and citations omitted).  Therefore, section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  Am. Mrfs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations and citation omitted).  However, "[a] private

individual may be liable under § 1983 if she conspired or [engaged in] joint action with a state actor." <u>Franklin</u>, 312 F.3d at 441 (citation omitted).

Plaintiff alleges Girard was "an attorney at law, the District's legal advisor for personnel matters and was responsible for investigating personnel matters within WPUSD, advising and directing WPUSD and its administrators and drafting charges for disciplinary matters when deemed appropriate." (FAC ¶ 11.) Plaintiff further alleges Girard "conspired" with the other defendants to bring false charges against him. (FAC ¶ 17.)

These allegations, however, are insufficient to show that Girard acted under the color of state law as required to allege a section 1983 claim against Girard. "Plaintiff's conclusory allegations that [Girard] was conspiring with state officers . . . are insufficient" to show that Girard was engaged in any joint action with state actors. <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003) (quotations and citations omitted); <u>Degrassi v. City of Glendora</u>, 207 F.3d 636, 647 (9th Cir. 2000) (stating that "a bare allegation of . . . joint action will not overcome a motion to dismiss" (quotation and citations omitted)); <u>see also</u> <u>Samad v. Adraktas</u>, No. S-09-2425-GEB-EFB, 2010 WL 235101, at *1 (E.D. Cal. Jan. 20, 2010) (stating that "[a]ttorneys in private practice are not state actors, and therefore do not act under color of state law"). Since Plaintiff has not alleged facts demonstrating that Girard acted under color of state law, Plaintiff's first and sixth claims against Girard are dismissed.

//

//

### b.   Third Claim Under 42 U.S.C. § 1985(2)

Girard further argues Plaintiff's third claim alleged under 42 U.S.C. § 1985(2) should be dismissed since Plaintiff has not alleged a conspiracy motivated by racial or other class-based animus. (Girard Mot. to Dismiss 2:20-23.)  In his opposition brief, Plaintiff "concedes that [his] Third Cause of Action should be dismissed with prejudice."  (Opp'n to Girard Mot. to Dismiss 13:22-23.)  Therefore, this claim is dismissed.

### c.   The Noerr-Pennington Doctrine

Girard alternatively argues all of Plaintiff's federal claims should be dismissed under the Noerr-Pennington doctrine. However, since Plaintiff's federal claims have been dismissed on other grounds, the applicability of this doctrine need not be reached.

### 2.  Plaintiff's State Law Claims Alleged Against Girard

### a.   Second Claim for Violation of the Free Speech Clause of the California Constitution

Girard argues Plaintiff's second claim, alleged under the free speech clause of the California constitution, should be dismissed since Plaintiff's first amended complaint fails to sufficiently allege that Girard is a state actor.  (Girard Mot. to Dismiss 2:9-13.) Plaintiff responds that his allegations demonstrating that Girard acted under color of law for purposes of section 1983 and are sufficient to show that Girard was a state actor.  (Opp'n to Girard Mot. to Dismiss 12:23-25.)

California's free speech clause predicates a violation upon state action.  See Golden Gateway Ctr. v. Golden Gateway Tenants Ass'n, 26 Cal. 4th 1013, 1023 (2001).  Therefore, "proper constitutional analysis [of a claim under this clause] requires . . .

first address[ing] the threshold issue of whether . . . [the] state action requirement" had been satisfied.  Id. (quotations and citation omitted).  Since Plaintiff has not alleged that Girard's conduct constitutes state action, this claim is dismissed.

### b.   Eighth Claim for Violations of California Education Code section 44114

Girard also argues Plaintiff's claim alleged under section 44114 of the California Education Code ("section 44114") should be dismissed since Plaintiff has not complied with the prerequisites for bringing suit and Girard is not exposed to "aider and abettor liability." (Girard Mot. to Dismiss 14:18-25.)  Plaintiff responds that he need not plead that a complaint was filed with local law enforcement and that Girard "is liable for retaliating against the [P]laintiff and for aiding and abetting others in that retaliation whether or not their actions resulted in a wrongful termination." (Opp'n to Girard Mot. to Dismiss 23:23-28.)

California Education Code section 44114 provides in pertinent part:

> (b)   A person who intentionally engages in acts of reprisal, retaliation, threats, coercion or similar acts against a public school employee . . . for having made a protected disclosure is subject to a fine not to exceed ten thousand dollars ($10,000) and imprisonment in the county jail for a period not to exceed one year . . . .

> (c)   In addition to all other penalties provided by law, a person who intentionally engages in acts of reprisal, retaliation, threats, coercion, or similar acts against a public school employee . . . for having made a protected disclosure shall be liable in an action for damages brought against him or her by the injured party.  However, an action for damages shall not be available unless the injured party has first filed a complaint with the local law enforcement agency.

1   Plaintiff alleges that "Defendants intentionally engaged in
2   acts of reprisal, retaliation, threats, coercion and similar acts
3   against [Plaintiff], a public school employee, for having made
4   protected disclosures of unlawful practices engaged in at WPUSD . . .
5   ." (FAC ¶ 65.)  Plaintiff further alleges "Defendant [Girard] aided
6   and abetted the remaining Defendants to assist their acts of reprisal,
7   retaliation, threats, coercion and similar acts against [Plaintiff] by
8   drafting accusations against [Plaintiff] that [Girard] knew were false
9   and prepared in bad faith . . . ." (Id.)  Plaintiff also alleges that
10  he "notified the Placer County Sheriff of these facts within twelve
11  months of his termination." (Id. ¶ 66.)

12  Plaintiff's claim under section 44114 fails for two reasons.
13  First, section 44114(c), which provides "an action for damages,"
14  states that no action is available "unless the injured party has first
15  filed a complaint with the local law enforcement agency."  Plaintiff's
16  allegations are insufficient as he has not alleged that he filed a
17  complaint with the local law enforcement agency.  Cf. Duarte v.
18  Freeland, No. C05-02780 MJJ, 2007 WL 2790591, at *11 (N.D. Cal. Sept.
19  24, 2007) (denying motion to dismiss section 44114 claim where
20  plaintiff alleged that he had filed a complaint with the police
21  department regarding the alleged statutory violation).  Second,
22  Plaintiff has cited no authority suggesting that section 44144(c)
23  contemplates "aider and abettor" liability.  Therefore, Plaintiff's
24  claim under section 44114 against Girard cannot be maintained and is
25  dismissed.

26  **c.   Fourth Claim for Intentional Infliction of Emotional
       Distress**

27

28

15

1    Girard also argues Plaintiff's intentional infliction of
2 emotional distress claim should be dismissed since Plaintiff's
3 allegations do not allege outrageous conduct and do not the satisfy
4 the requisite severe distress element of the claim.  Plaintiff
5 counters his allegations are sufficient since "defendant's conduct
6 specifically violated constitutional and statutory law."  (Opp'n to
7 Girard Mot. to Dismiss 14:24.)

8    Under California law, "[a] cause of action for intentional
9 infliction of emotional distress exists when there is (1) extreme and
10 outrageous conduct by the defendant with the intention of causing, or
11 reckless disregard of the probability of causing, emotional distress;
12 (2) the plaintiff's suffering severe or extreme emotional distress;
13 and (3) actual and proximate causation of the emotional distress by
14 the defendant's outrageous conduct."  Hughes v. Pair, 46 Cal.4th 1035,
15 1050 (2009) (quotations and citations omitted).  "A defendant's
16 conduct is outrageous when it is so extreme as to exceed all bounds of
17 that usually tolerated in a civilized community."  Id. at 1050-51.

18    Plaintiff alleges "[t]he conduct of Defendants in acting in
19 concert to make false accusations of sexual harassment against
20 [Plaintiff] in pursuit of his termination through disciplinary
21 proceedings . . . and in retaliation for his reports to the Placer
22 County Grand Jury and to the WPUSD Board . . . was unlawful, extreme
23 and outrageous and was undertaken intentionally or in reckless
24 disregard of the probability of causing emotional distress to
25 Plaintiff."  (FAC ¶ 46.)  Further, Plaintiff alleges that defendants
26 conduct "did in fact cause Plaintiff to suffer extreme emotional
27 distress" including "embarrassment, anxiety, humiliation, and
28 emotional distress, and [he] will continue to suffer said emotional

distress in the future . . . ."  (Id. ¶ 48.)  Plaintiff specifically alleges that Girard "draft[ed] false charges of sexual harassment against [Plaintiff]" and drafted charges against Plaintiff for "reporting misuse of public funds and criminal activity" within the WPUSD.  (Id. ¶ 9.)

Plaintiff, however, has cited no authority suggesting that even if his allegations concerning Girard's conduct are true, they are sufficiently "outrageous" to give rise to an intentional infliction of emotional distress claim.  "*Tortious* or even criminal conduct that would give rise to punitive damages for another tort, will not necessarily be sufficient to give rise to a claim for intentional infliction of emotional distress."  Cantu v. Resolution Trust Corp., 4 Cal. App. 857, 888 n.14 (1992).  In Cantu, the California Appellate Court upheld the trial court's dismissal of the plaintiff's intentional infliction of emotional distress claim under which plaintiff alleged that "[d]efendants [had] maliciously named [him] as a party to their litigation" and had filed false declarations and pleadings.  Id.  The court held that the plaintiff could "state no cause of action for intentional infliction of emotional distress, even if defendants submitted perjurious and malicious declarations or pleadings."  Id.  Therefore, even if Plaintiff's allegations against Girard are true, Girard's alleged conduct is not sufficiently outrageous to give rise to a claim of intentional infliction of emotional distress.  Accordingly, this claim is also dismissed.

**d.   Fifth Claim for Negligence**

Girard further argues Plaintiff's fifth claim alleging negligence should also be dismissed since Plaintiff has not pled facts sufficient to establish that Girard, as WPUSD's legal counsel, owed

him a duty of care.  Plaintiff responds: "Each of the defendants had a
duty to comply with the law and [D]efendant Girard's violations of the
constitutional standards and statutory requirements were breaches of
those duties."  (Opp'n to Girard's Mot. to Dismiss 22:10-12.)
Plaintiff further argues, Girard "had a duty to conduct an appropriate
investigation and to proceed on allegations that were honest and not
arbitrary or pretextual."  (Id. 22:13-17.)

         "The elements of a cause of action for negligence are: the
defendant had a duty to use due care, . . . he or she breached that
duty, and . . . the breach was the proximate or legal cause of the
[plaintiff's] resulting injury."  Vasquez v. Residential Invs., Inc.,
118 Cal. App. 4th 269, 278 (2004).  "[T]he threshold element of a
cause of action for negligence is the existence of a duty to use due
care toward an interest of another . . . .  Whether this essential
prerequisite has been satisfied in a particular case is a question of
law."  Glenn K. Jackson, Inc. v. Roe, 273 F.3d 1198, 1196-97 (9th Cir.
2001) (quotations and citations omitted) (applying California law).

         Plaintiff alleges "Defendants owed a duty to act reasonably,
to fairly and in good faith investigate the 2007 claim of sexual
harassment against [Plaintiff], to fairly and in good faith review
[Plaintiff's] service to WPUSD, and to prevent violation of
[Plaintiff's] property rights and Constitutional Rights" and "[t]hey
breached this duty" as otherwise alleged in the complaint.  (FAC ¶
50.)

         Plaintiff has provided no authority suggesting that as the
WPUSD's lawyer, Girard owed a duty of care to Plaintiff which could
give rise to a claim of negligence.  Further, under California law, an
opposing party's counsel owes no duty of professional care to non-

18

clients.  <u>Fox v. Pollack</u>, 181 Cal. App.3d 954, 962 (1986).  Therefore, Plaintiff's negligence claim is dismissed.

//

### e.  Compliance with California Civil Code section 1714.10 and the Litigation Privilege

Girard alternatively argues all of Plaintiff's state law claims should be dismissed because Plaintiff has failed to comply with California Civil Code section 1714.10 and that all of his claims are barred by the "litigation privilege" provided in California Civil Code section 47(b).  However, since all of Plaintiff's state law claims have been dismissed on other grounds, these arguments are not reached.

### 3.  Leave to Amend

Girard requests that dismissal of Plaintiff's claims be with prejudice.  "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which determines the propriety [of allowing amendment] . . . by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility."  <u>Serra v. Lappin</u>, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing <u>William O. Gilley Enters. v. Atl. Richfield Co.</u>, 588 F.3d 659, 669 n.8 (9th Cir. 2009)).  Plaintiff has already amended his claims against Girard and yet has been unable to cure the deficiencies identified in the prior dismissal order.  Plaintiff "presented no new facts . . . and provided no satisfactory explanation for his failure to fully develop his contentions . . . ."  <u>William O. Gilley Enters.</u>, 588 F.3d at 669 n.8 (quotations and citations omitted).  Therefore, amendment would be futile and Plaintiff's claims alleged against Girard are dismissed with prejudice.

### B.  Girard's Rule 12(f) Motion to Strike

1    Since all of Plaintiff's claims alleged against Girard are

2    dismissed with prejudice, Girard's Rule 12(f) motion to strike certain

3    portions of Plaintiff's first amended complaint is denied as moot.

4    //

5    ### C.  Girard's Anti-SLAPP Motion

6    Girard also filed a motion under California's anti-SLAPP

7    statute to strike Plaintiff's second, fourth, fifth and eighth claims,

8    all alleged under California law.  Since a defendant who prevails on

9    an anti-SLAPP motion is entitled to recover mandatory attorney's fees,

10   the dismissal of Plaintiff's claims against Girard does not moot

11   Girard's anti-SLAPP motion.  Bhambra v. True, No. C 09-4685 CRB, 2010

12   WL 1758895, at *1 (N.D. Cal. Apr. 30, 2010) (stating that a "12(b)(6)

13   dismissal does not moot a[n] [anti-SLAPP] motion to strike"); White v.

14   Lieberman, 103 Cal. App. 4th 210, 220 (2002) (holding that trial

15   court's demurrer without leave to amend did not moot anti-SLAPP motion

16   since a defendant who prevails on an anti-SLAPP motion is entitled to

17   mandatory attorney's fees); cf. Pandora Jewelry, LLC v. Bello

18   Paradiso, LLC, No. CIV S-08-3108, 2009 WL 1953468, at *3 (E.D. Cal.

19   July 1, 2009) (finding that plaintiff's voluntary dismissal of state

20   law claims did not moot anti-SLAPP motion).

21   **1.  Protected Activity**

22   Girard argues all of Plaintiff's "allegations against [him]

23   . . . are based on the legal services [he] provided to WPUSD as [its]

24   outside legal counsel to handle the administrative process that

25   eventually resulted in [Plaintiff's] termination."  (Girard's anti-

26   SLAPP Motion to Strike 17:12-17.)   Girard further contends that

27   "[t]his conduct qualifies as a matter related to, or in anticipation

28   of, official proceedings, satisfying the first prong of the anti-SLAPP

1 | test [under California Civil Procedure Code 425.16(e)(2)]."  (Id.
2 | 17:12-17.)  Plaintiff counters since Girard's alleged conduct is
3 | illegal as a matter of law, it is not protected by the anti-SLAPP
4 | statute.

5 |          To prevail on his anti-SLAPP motion, Girard "must make a
6 | threshold showing that the challenged cause[s] of action . . . aris[e]
7 | from protected activity, i.e., that the act or acts of which the
8 | [plaintiff] complains were taken in furtherance of the [defendant's]
9 | right of petition or free speech under the United States or California
10 | Constitution in connection with a public issue as defined in the
11 | statute."  Pandora Jewelry, 2009 WL 1953468, at *2 (quoting Equilon
12 | Enterprises v. Consumer Cause, Inc., 29 Cal. 4th 53, 67 (2002)).  "A
13 | defendant meets this burden by demonstrating that the act underlying
14 | the plaintiff's cause [of action] fits one of the categories spelled
15 | out in section [425.16(e)]."  Navellier v. Sletten, 29 Cal. 4th 82, 88
16 | (2002) (quotations and citations omitted); see also Governor Gray
17 | Davis Comm. v. Am. Taxpayers Alliance, 102 Cal. App. 4th 449, 458
18 | (2002) (stating that "the critical point is whether the plaintiff's
19 | cause of action itself was based on an act in furtherance of the
20 | defendant's right of petition or free speech" (emphasis in original)).
21 | Specifically at issue is section 425.16(e)(2), which protects "any
22 | written or oral statement or writing made in connection with an issue
23 | under consideration or review by a legislative, executive, or judicial
24 | body, or any other official proceeding authorized by law."

25 |          However, the anti-SLAPP statute "cannot be invoked by a
26 | defendant whose assertedly protected activity is illegal as a matter
27 | of law and, for that reason, not protected by constitutional
28 | guarantees of speech and petition."  Flatley v. Mauro, 29 Cal. 4th

299, 317 (2006).  An act is "illegal" if it is "forbidden by law."

Soukup v. Law Offices of Herbert Hafif, 39 Cal. 4th 260, 283 (2006)

(quotations and citations omitted).  "[W]hether the defendant's

underlying conduct [is] illegal as a matter of law is preliminary, and

unrelated to the second prong question of whether the plaintiff has

demonstrated a probability of prevailing . . . ."  Flatley, 29 Cal.

4th at 320.

Girard seeks to strike Plaintiff's state law claims,

including Plaintiff's claims of negligence, intentional infliction of

emotional distress, and for violation of the California constitution

and California Education Code section 44114.  Plaintiff's state claims

against Girard arise from Girard's alleged drafting of false and

unsupported charges against Plaintiff for the purpose of initiating

administrative proceedings that ultimately resulted in Plaintiff's

termination.  (FAC ¶¶ 9, 11, 24, 65.)

Girard argues what he is alleged to have done constitutes

protected activity since the charges were drafted in connection with

an official proceeding required by law.  Plaintiff does not dispute

that Girard's actions occurred in connection with an official

proceeding.  Rather, Plaintiff contends Girard's actions are not

protected because they are illegal as a matter of law under 42 U.S.C.

§ 1983, California Education Code section 44114 and California Civil

Code section 52.1(b).  Further, Plaintiff contends that under the Rule

12(b)(6) standard, "the court must accept as true the plaintiff's

allegations that defendant['s] conduct was illegal."  (Opp'n to anti-

SLAPP 7:21-22.)

Since "[s]tatutory hearing procedures qualify as official

proceedings authorised by law for section 425.16 purposes[,]" Girard's

drafting of charges was in connection with an official proceeding and protected under section 425.16(e)(2).  Vergos v. McNeal, 146 Cal. App. 4th 1387, 1396 (2007) (holding that statements and conduct of a hearing officer denying plaintiff's grievances were protected by section 425.16(e)(2)).  Further, Girard's action does not lose its protected status due to Plaintiff's allegations that his conduct was illegal.  Even when Plaintiff's allegations are assumed to be true, they do not constitute illegal conduct under the statutory and constitutional provisions on which Plaintiff relies.  See also Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc., 448 F. Supp. 2d 1172, 1185 (C.D. Cal. 2006) (stating that "[w]here the parties to an anti-SLAPP motion dispute the legality of the defendant's [alleged] actions, and the plaintiff cannot establish as a matter of law that the actions were illegal, then the claimed illegitimacy of the defendant's acts is an issue which the plaintiff must raise and support in the context of the . . . discharge of the plaintiff's burden to provide a prima facie showing of the merits of the plaintiff's case." (quoting Paul for Council v. Ricki Hanyecz, 85 Cal. App. 4th 1356, 1366-67 (2001), overruled on other grounds by Equilon Enters. v. Consumer Cause, Inc., 29 Cal. 4th 53 (2002))).  Therefore, Plaintiff has not shown that Girard's alleged activities were illegal as a matter of law.  Accordingly, Girard has made the required threshold showing that his action constitutes protected activity.

**2.   Probability of Prevailing**

Under the second prong of the anti-SLAPP analysis, Plaintiff bears the burden of showing a minimal probability of success on his claims against Girard.  However, since Plaintiff's claims against

Girard have "already been dismissed . . . with prejudice," "Plaintiff does not enjoy a probability of success.  On the contrary, as Plaintiff's [claims against Girard] have been dismissed with prejudice, Plaintiff has by definition failed."  Bhambra, 2010 WL 1758895, at *2.  Therefore, Girard's anti-SLAPP motion to strike is granted.

**D.  Defendants Leaman, Allen, Noyes and the WPUSD's Motion to Dismiss**

The School District Defendants also seek dismissal of Plaintiff's first amended complaint under Federal Rule of Civil Procedure 12(b)(6).

**1.  Claims Against the Individual Defendants**

The School District Defendants first argue California Government Code sections 820.2 and 821.6 bar Plaintiff's claims alleged against Defendants Leaman, Allen and Noyes.  (School District Defs.' Mot. to Dismiss 10:10-11:12; Reply 5:7-10.)  Plaintiff rejoins statutory immunity does not attach where public employees have pursued administrative action in retaliation for whistle-blowing activity.  (Opp'n to School District Defs.' Mot. to Dismiss 11:19-26.)

California Government Code section 821.6 provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."  "The immunity conferred by section 821.6 is not limited to peace officers and prosecutors but has been extended to public school officials . . . ."  Stamas v. County of Madera, No. CV F 09-0753 LJO SMS, 2010 WL 289310, at *8 (E.D. Cal. Jan. 15, 2010) (quoting Javor v. Taggart, 98 Cal. App. 4th 795, 808 (2002)).  California Government Code section 820.2 "provides a more general immunity from liability

for acts of public employees in the exercise of discretion vested in them.  It follows that if section 821.6 applies, so does section 820.2."  County of Los Angeles v. Superior Court, 181 Cal. App. 4th 218, 228 (2009); see also Cal. Gov't Code § 820.2 (stating that "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.")

Plaintiff alleges that Defendant Leaman was "the Superintendent of WPUSD"; Defendant Allen was "the Assistant Superintendent of WPUSD"; and Defendant Noyes was "the Assistant Superintendent of WPUSD."  (FAC ¶¶ 9, 10, 12.)  Further, "[t]he gravamen of [Plaintiff's] claims is that, acting out of discriminatory and retaliatory motives, [these individual Defendants] . . . initiated and prosecuted administrative proceedings to discipline or discharge [Plaintiff] based on accusations they knew to be false.  Such acts by [public school officials] are immune from liability under section 821.6 . . . ."  Ross v. San Francisco Bay Area Rapid Transit. Dist., 146 Cal. App. 4th 1507, 1516 (2007) (holding that section 821.6 barred plaintiff's common law claim for wrongful termination in violation of public policy); see also Hansen v. Cal. Dep't of Corr. & Rehab., 171 Cal. App. 4th 1537, 1547 (2008) (stating that under section 821.6, "public employees, acting within the scope of their employment, and the public entity, are immune from tort liability for any acts done by the employees in preparation for formal judicial or administrative proceedings, including investigation of alleged wrongdoing, and for any acts done to institute and prosecute such formal proceedings"); Kemmerer v. County of Fresno, 200 Cal. App. 3d 1426 (1988) (finding

that public employees who initiated and prosecuted administrative

proceedings that resulted in plaintiff's termination were immune from

tort liability under section 821.6).  Therefore, Defendants Leaman,

Allen and Noyes are immune from Plaintiff's state tort claims under

California Government Code section 821.6, and those claims are

dismissed with prejudice.  However, the School District Defendants

have not shown that either sections 821.6 or 820.2 warrant dismissal

of Plaintiff's claims against the individual defendants alleged under

statute or the state or federal constitution.

**2.   Plaintiff's First, Second, Sixth, Seventh, Eighth and Ninth Claims**

          The School District Defendants also argue Plaintiff's first,

second, sixth, seventh, eighth and ninth claims should be dismissed

since the WPUSD had legitimate, non-retaliatory grounds for

terminating Plaintiff.  The School District Defendants rely upon the

Hearing Officer's Modified Findings and Recommendation to the Board of

Trustees as support for the motion.  Plaintiff counters the Hearing

Officer's report is not entitled to a conclusive presumption of truth

since Plaintiff has filed a petition for a writ of mandate in the

Placer County Superior Court challenging his termination and the

Hearing Officer's findings.  (Opp'n to WPUSD Mot. to Dismiss 9:9-23.)

The School District Defendants reply that "the Federal Action [should

be stayed] pending the ruling on the Writ of Mandate as it may be

determinative of both actions."  (School District Defs.' Reply 3:23-

42.)

          Since the Hearing Officer's Findings and Recommendation are

not yet binding on this court, the report does not provide a basis for

dismissing Plaintiffs' first, second, sixth, seventh, eighth or ninth

1  claims alleged against the School District Defendants.  Therefore, the

2  School District Defendants' motion to dismiss these claims is denied.

3  Further, since the School District Defendants' request for a stay was

4  raised for the first time in their reply brief, that issue is not

5  reached.

6

7  **3.   Plaintiff's Third Claim Under 42 U.S.C. § 1985(2)**

8          The School District Defendants also argue Plaintiff's third

9  claim for conspiracy to violate Plaintiff's civil rights should be

10 dismissed because, as employees of WPUSD, Defendants could not

11 conspire with each other under state law.  Plaintiff "concedes" that

12 he cannot maintain this claim and it is accordingly dismissed with

13 prejudice. (Opp'n to School District Defs.' Mot. to Dismiss 13:18-22.)

14 **4.   Plaintiff's Fourth Claim for Intentional Infliction of Emotional
       Distress and Fifth Claim for Negligence**

15         The School District Defendants further argue Plaintiff's

16 intentional infliction of emotional distress and negligence claims

17 alleged against the WPUSD should be dismissed since the WPUSD cannot

18 be held vicariously liable where its employees are immune from

19 liability.  Plaintiff disputes that the individual defendants are

20 immune from liability.

21

22         California Government Code section 815.2(b) provides:

23 "[e]xcept as otherwise provided by statute, a public entity is not

24 liable for an injury resulting from an act or omission of an employee

25 of the public entity where the employee is immune from liability."

26 Therefore, under California Government Code section 815.2(b), the

27 WPUSD cannot be held vicariously liable "if [its] employee[s] [are]

28 immune from liability."  <u>Richards v. Dep't of Alcoholic Beverages</u>

1  Control, 139 Cal. App. 4th 304, 317 (2006) (holding that Department of
2  Alcoholic Beverages Control could not be held liable for plaintiff's
3  claims, in part, because individual employees were immune); see also
4  Jacqueline T. v. Alameda County Child Protective Servs., 155 Cal. App.
5  4th 456, 469 (2007) ("Though sections 821.6 and 820.2 expressly
6  immunize only the employee, if the employee is immune, so too is the
7  [employer]."). Since the individual Defendants are immune from state
8  tort liability under section 821.6, WPUSD cannot be held vicariously
9  liable for Plaintiff's state negligence or intentional infliction of
10 emotional distress claims. See Hansen, 171 Cal. App. 4th at 1547
11 (holding that public entity could not be held liable for intentional
12 infliction of emotional distress where employees were immune under
13 section 821.6). Therefore, Plaintiff's intentional infliction of
14 emotional distress and negligence claims alleged against the WPUSD are
15 dismissed with prejudice.

16 **5.   Plaintiff's Tenth and Eleventh Claims for Violations of the**
      **California Labor Code Sections 1102.5(a), (b) & (e)**
17

18      The School District Defendants lastly argue Plaintiff's
19 California Labor Code claims alleged against the WPUSD should be
20 dismissed under Lloyd v. County of Los Angeles, 172 Cal. App. 4th 320
21 (2009), since these claims are barred by California Government Code
22 section 815(a). (School District Defs.' Mot. to Dismiss 17-19.)
23 Plaintiff counters Lloyd and section 815(a) are inapplicable since
24 Plaintiff's claims are brought under statute and not common law.

25      California Government Code section 815(a) provides that "[a]
26 public entity is not liable for an injury" "[e]xcept as otherwise
27 provided by statute." Section 815(a), therefore, "abolishes common
28 law tort liability for public entities." Lloyd, 172 Cal. App. 4th at

329.   In <u>Lloyd</u>, the California Appellate Court held that California Government Code section 815(a) barred the plaintiff's "common law claims . . . for retaliation in violation of public policy . . . ." <u>Id.</u> at 329.   <u>Lloyd</u>, however, did not hold that California Government Code section 815(a) confers immunity on public entities for <u>statutory claims</u> brought under the California Labor Code.   <u>Cf.</u> <u>Chapin v. Aguirre</u>, No. 05CV1906 R(POR), 2007 WL 1660740, at *8 (S.D. Cal. June 7, 2007) (finding that a similar governmental immunity provision does not bar claims alleged under California Labor Code § 1102.5). The School District Defendants, therefore, have not shown that any governmental immunity provision bars Plaintiff's California Labor Code claims alleged against the WPUSD and this portion of their dismissal motion is denied.

### IV.   CONCLUSION

For the reasons stated above, Defendant Girard's 12(b)(6) dismissal motion is granted, his Rule 12(f) motion to strike is denied as moot and his anti-SLAPP motion to strike is granted.   The School District Defendants' motion to dismiss is granted and denied in part.

Dated:  May 27, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge