```
                IN THE UNITED STATES DISTRICT COURT

              FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| MICHAEL THORNBROUGH,   ) | |
| ) | 2:09-cv-02613-GEB-GGH |
| Plaintiff,   ) | |
| ) | |
| v.   ) | ORDER GRANTING IN PART |
| ) | DEFENDANT GIRARD'S MOTION FOR |
| WESTERN PLACER UNIFIED SCHOOL   ) | ATTORNEYS' FEES[*] |
| DISTRICT, SCOTT LEAMAN, DAVID   ) | |
| GIRARD, KATHY ALLEN, ROBERT   ) | |
| NOYES,   ) | |
| ) | |
| Defendants.   ) | |
| _____ ) | |

On June 23, 2010, Defendant David Girard filed a motion seeking to recover $71,069.50 in attorneys' fees for prevailing on his anti-SLAPP motion, brought under California Code of Civil Procedure 425.16(c). (Docket No. 70.) Plaintiff opposes Girard's motion, arguing that the amount of fees sought is unreasonable and that Girard is only entitled to recover $13,969.50 in fees. For the reasons stated below, Girard is awarded $31,026.25 in attorneys' fees for prevailing on his anti-SLAPP motion.

**I. BACKGROUND**

Plaintiff filed his original complaint in this action on September 17, 2009, in which he alleged state and federal claims against Defendants related to his termination from employment with the

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  Western Placer Unified School District.  On November 12, 2009,
2  Defendant Girard filed a motion to dismiss under Federal Rule of Civil
3  Procedure 12(b)(6) ("Rule 12(b)(6)"), a motion to strike under Federal
4  Rule of Civil Procedure 12(f) ("Rule 12(f)"), and a motion to strike
5  under California's anti-SLAPP statute, California Code of Civil
6  Procedure 425.16.  Girard's Rule 12(b)(6) motion to dismiss was
7  granted in an order filed on December 29, 2009, which also provided
8  Plaintiff leave to amend his complaint, and rendered moot Girard's
9  Rule 12(f) motion to strike and his anti-SLAPP motion.
10         Plaintiff filed a first amended complaint on January 12,
11 2010, in which he re-alleged his federal and state claims against
12 Defendants.  Girard again filed a dismissal motion under Rule
13 12(b)(6), a Rule 12(f) motion to strike and an anti-SLAPP motion to
14 strike.  In an order filed on May 27, 2010, Girard's dismissal motion
15 was granted and Plaintiff's claims alleged against Girard were
16 dismissed with prejudice.  The May 27 order also granted Girard's
17 anti-SLAPP motion and denied as moot Girard's Rule 12(f) motion.

## II.  LEGAL STANDARD

19        Under California Code of Civil Procedure section
20 425.16(c)(1), "a prevailing defendant on a special motion to strike
21 shall be entitled to recover his or her attorney's fees and costs."
22 See also Verizon Delaware, Inc. v. Covad Commc'ns Co., 377 F.3d 1081,
23 1091 (9th Cir. 2004) (stating that "defendants sued in federal courts
24 can bring anti-SLAPP motions to strike state law claims and are
25 entitled to attorneys' fees and costs when they prevail"); Ketchum v.
26 Moses, 24 Cal. 4th 1122, 1131 (2001) (stating that a defendant
27 prevailing on an anti-SLAPP motion "is entitled to mandatory attorney
28

fees"). This provision has been interpreted to allow for recovery of the fees and costs "incurred *in connection* with the motion to strike . . . ." Paul for Council v. Hanyecz, 85 Cal. App. 4th 1356, 1362 n.4 (2001), overruled in part on other grounds by Equilon Enters. v. Consumer Cause, Inc., 29 Cal. 4th 53, 68 (2002); see also Metabolife Int'l, Inc. v. Wornick, 213 F. Supp. 2d 1220, 1223-24 (S.D. Cal. 2002) (holding that under California law, the party prevailing on an anti-SLAPP motion is entitled to recover fees and costs incurred in connection with the motion to strike). The prevailing party is also entitled to recover fees "incurred in litigating the award of attorney fees." Ketchum, 24 Cal. 4th at 1141.

The amount of fees awarded to a prevailing party on an anti-SLAPP motion is determined by the "lodestar adjustment method." Id. at 1131. The "lodestar" amount consists of "the number of hours reasonably expended multiplied by the reasonable hourly rate." Id. at 1134. However, "[t]he court has broad discretion in determining the reasonable amount of attorney fees and costs to award to a prevailing defendant." Metabolife, 213 F. Supp. 2d at 1222 (citations omitted). Further, the prevailing party "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Christian Research Institute v. Alnor, 165 Cal. App. 4th 1315, 1320 (2008) (quotation and citation omitted). "[T]he trial court need not simply award the sum requested" and "has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." Id. at 1321-22 (quoting Ketchum, 24 Cal. 4th at 1138).

### III. DISCUSSION

Girard argues he is entitled to recover $71,069.50 for prevailing on his anti-SLAPP motion. He argues this sum reflects the

1 attorneys' fees incurred to file both anti-SLAPP motions, to obtain
2 dismissal of Plaintiff's state law claims, and to file the pending
3 motion for attorneys' fees.  Girard does not seek to recover
4 attorneys' fees incurred for obtaining dismissal of Plaintiff's
5 federal claims nor for filing his Rule 12(f)motion to strike.
6 Girard's request is supported by his counsel's declaration and billing
7 records.
8     Plaintiff argues Girard is not entitled to recover fees for
9 filing the initial anti-SLAPP motion nor for either of his dismissal
10 motions.  Plaintiff further contends that the hourly rate Girard used
11 to calculate the lodestar figure is unreasonable.

**A.  *Girard's Initial Anti-SLAPP and Dismissal Motions***

13     Girard's first anti-SLAPP motion, which challenged
14 Plaintiff's original complaint, was denied as moot since Girard's Rule
15 12(b)(6) dismissal motion was granted and Plaintiff was provided leave
16 to amend his complaint.  Girard, therefore, did not prevail on his
17 initial anti-SLAPP motion and is not entitled to recover any attorneys
18 fees incurred in connection with filing that motion. See Brown v.
19 Electronic Arts, Inc., --- F. Supp. 2d ----, 2010 WL 2757774, at *6-8
20 (C.D. Cal. July 13, 2010) (holding that defendant was not a prevailing
21 party where anti-SLAPP motion was granted but plaintiff was provided
22 leave to amend complaint); see also Mann v. Quality Old Time Service,
23 Inc., 139 Cal. App. 4th 328, 340 (2006) (holding that a party does not
24 prevail on an anti-SLAPP motion when the "results of the motion were
25 so insignificant that the party did not achieve any practical benefit
26 from bringing the motion"); Moran v. Endres, 135 Cal. App. 4th 952,
27 956 (2006) (holding that "when a defendant cannot in any realistic
28 sense be said to have been successful, fees need not be awarded").

Therefore, the fees Girard incurred for filing his initial dismissal and anti-SLAPP motions will be subtracted from the fee award he seeks.

**B.   *Girard's Second Anti-SLAPP and Dismissal Motions***

"[D]efendants sued in federal courts can bring anti-SLAPP motions to strike *state law* claims . . . ." Verizon, 377 F.3d at 1091 (emphasis added). "[T]he California anti-SLAPP statute applies to pendant state law claims, but not to federal question claims." Coulter v. Murrell, 2010 WL 2775627, at *4 (S.D. Cal. July 13, 2010). Therefore, the attorneys fees Girard incurred for obtaining dismissal of Plaintiff's federal claims were not incurred "in connection" with Girard's anti-SLAPP motion. See id. (holding that plaintiff was not entitled to recover attorneys' fees for the portion of his dismissal motion that challenged federal claims).

However, the portion of Girard's second dismissal motion which achieved dismissal of Plaintiff's state claims was "in connection" with Girard's anti-SLAPP motion. This portion of Girard's dismissal motion was necessary to prevail on his anti-SLAPP motion because it demonstrated that Plaintiff had not shown a probability of prevailing on his claims alleged against Girard. Girard, therefore, is entitled to recover the attorneys fees incurred to obtain dismissal of Plaintiff's state law claims.

Girard states in his reply brief that he only seeks to recover 50 percent of the fees incurred for filing his second dismissal motion since "three of the seven claims were based on federal law." (Reply 6:22-24.) Girard is entitled to recover this fraction of the fees incurred for filing his second dismissal motion.

//
//

*C.  The Hourly Rate Used to Calculate the Fee Award*

Plaintiff appears to argue in his opposition that the hourly rate Girard used to calculate the lodestar figure is unreasonable since it does not reflect the actual rate billed. (Opp'n 6:5-7:10.) Girard responds that "[t]he California Supreme Court has . . . held that an attorney is entitled to be compensated at the hourly rates that reflect the reasonable <u>market rate</u> of [an attorney's] services in the community." (Reply 7:19-27.)

The lodestar is calculated by using "prevailing hourly rates" which is "the basic fee for comparable legal services in the community." <u>Ketchum</u>, 24 Cal. 4th at 1132; <u>see also</u> <u>Christian Research</u>, 165 Cal. App. 4th at 1321 (stating that "[t]he court tabulates the attorney fee touchstone, or lodestar, by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work"). Girard has demonstrated that the hourly rates used to calculate the fee request in this case are reasonable.

*D.  The Amount of Fees That Are Recoverable*

A careful, line-by-line review of Girard's request for attorneys' fees reveals that Girard is entitled to recover $26,526.25 for attorneys' fees incurred in connection with filing his second anti-SLAPP motion. This figure represents the fees incurred for filing his second anti-SLAPP motion and for obtaining dismissal of his state law claims. Girard is also entitled to $4,500 for fees incurred in filing this motion to recover fees. Therefore, in total, Girard is entitled to an award of $31,026.25.

///
///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.   CONCLUSION**

For the reasons stated above, Girard is awarded $31,026.25 in attorneys' fees as a result of prevailing on his anti-SLAPP motion.

Dated:   August 2, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge