IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL THORNBROUGH, | ) | |
| | ) | 2:09-cv-02613-GEB-GGH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>ORDER GRANTING DEFENDANTS'</u> |
| | ) | <u>MOTION TO STAY</u>[2] |
| WESTERN PLACER UNIFIED SCHOOL | ) | |
| DISTRICT, SCOTT LEAMAN, KATHY | ) | |
| ALLEN, ROBERT NOYES | ) | |
| | ) | |
| Defendants.[1] | ) | |
| _____ | ) | |

On July 16, 2010, Defendants Western Placer Unified School District, Scott Leaman, Kathy Allen and Robert Noyes ("Defendants") moved to stay this case until Plaintiff's writ of mandate challenging his termination, which was filed in California Superior Court, is resolved. Defendants argue the outcome of Plaintiff's writ proceeding "will greatly affect the issues of discovery, any dispositive motions and issues to be determined at . . .[t]rial" in Plaintiff's federal case and "[s]taying the [f]ederal action pending the outcome or final determination of the [s]tate action w[ill] result in judicial economy

---

[1]   The caption has been amended to reflect the dismissal of Defendant David Girard. (<u>See</u> Docket No. 68.)

[2]   This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

and avoidance of prejudice . . . ."  (Not. of Mot. to Stay 2:3-9.)
Plaintiff did not file an opposition to Defendants' stay motion.

Plaintiff's complaint alleges federal and state claims related to his termination from employment with the Western Placer Unified School District. Plaintiff's claims stem from his allegations that Defendants improperly initiated administrative proceedings against him based on false charges, and wrongfully terminated him in retaliation for his reporting of improper spending by, and mismanagement within, the Western Placer Unified School District. Plaintiff was terminated after an administrative proceeding held before a hearing officer, who issued findings and recommendations on April 26, 2009, recommending that the Governing Board of the Western Placer Unified School District terminate Plaintiff from employment. (Docket No. 68 9:24-28.)  The hearing officer's findings and recommendations were adopted by the Western Placer Unified School District Board on April 28, 2009 and Plaintiff was terminated.  (Id. 10:1-3.)

Prior to initiating this federal action, Plaintiff filed a petition for writ of mandate in the California Superior Court in Placer County, challenging the propriety of the hearing officer's findings and Plaintiff's termination.  (Henderson Decl. Feb. 22, 2010 ¶ 13.)  The state court writ proceeding remains pending at this time. Defendants' counsel declares that he has been informed that the Placer County Superior Court has scheduled a hearing on Plaintiff's writ of mandate for September 17, 2010.  (Tonon Decl. 3:17-21.)

Defendants argue the federal court should exercise its inherent power and stay this action under either the "Younger" or "Colorado River" abstention doctrines.  (Mot. to Stay 4-7.)

Defendants argue a stay would conserve judicial resources and avoid duplicitous litigation since:

> the final determination of the Petition for Writ of Mandate filed in the Placer County Superior Court . . . will affect the federal action. If the Placer County Superior Court affirms the Administrative Law Findings then the School District Defendants have the argument pursuant to McDonnell Douglas Corp. v. Green, . . . available to them. If the Placer County Superior Court grants the Plaintiff's Petition for Writ of Mandate, then the Plaintiff, . . . has a better argument and another opportunity to prove that he was wrongfully discharged. Either way waiting for the resolution of the Petition for Writ of Mandate in the Placer County Superior Court will define the issues to be addressed in [the federal] action.

(Id. 7:1-13.) Defendants, however, have not shown that either Younger v. Harris, 401 U.S 37 (1971), or Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) are applicable to this case and warrant granting their stay motion.

The aim of Younger abstention "is to avoid unnecessary conflict between state and federal governments." United States v. Morros, 268 F.3d 695, 707 (9th Cir. 2001) (quoting United States v. Composite State Bd. of Med. Examiners, 656 F.2d 131, 136 (5th Cir. Unit B Sept. 1981)). Younger abstention, however, is not applicable here because there is no ongoing "state-initiated proceeding"; Plaintiff initiated the state court writ proceeding at issue. San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008) (stating that the presence of an ongoing "state-initiated proceeding" is one of four requirements necessary for invoking Younger abstention).

"Under Colorado River, considerations of wise judicial administration, giving regard to conservation of judicial resources

and comprehensive disposition of litigation . . . may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter." Holder v. Holder, 305 F.3d 854, 867 (9th Cir. 2002) (citations and quotations omitted). "But because generally, as between state and federal courts with concurrent jurisdiction, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, the Colorado River doctrine is a narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given to them." Id. (quotations and citations omitted). Therefore, a stay under Colorado River requires that "exceptional circumstances . . . be present." Id. (quotations and citations omitted). Defendants, however, have not shown that Plaintiff's state court writ proceeding is "substantially similar" to Plaintiff's federal case nor that "extraordinary circumstances" are present. Accordingly, a stay under Colorado River is not warranted.

Nonetheless, a district court has the "power to stay proceedings" as part of its inherent authority to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). A district court, therefore, "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the

action before the court." <u>Leyva v. Certified Grocers of California,</u>
<u>Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir. 1979).  However, "if there is
even a fair possibility that the stay will work damage to some one
else, the stay may be inappropriate absent a showing by the moving
party of hardship or inequity." <u>Dependable Highway Ex., Inc. v.</u>
<u>Navigators Ins. Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting
<u>Landis</u>, 299 U.S. at 255).  Further, "[a] stay should not be granted
unless it appears likely the other proceedings will be concluded
within a reasonable time in relation to the urgency of the claims
presented to the court." <u>Leyva</u>, 593 F.2d at 864; <u>see also</u> <u>Dependable</u>
<u>Highway</u>, 498 F.3d at 1067 (holding that district court erred "by
issuing a stay without any indication that it would last only for a
reasonable time").

     A stay is warranted in this case until Plaintiff's writ
proceeding is resolved by the state court.  "The judgment in [a]
mandamus proceeding . . . operates as an estoppel or conclusive
adjudication as to such issues . . . as were actually litigated and
determined . . . ." <u>Mata v. City of Los Angeles</u>, 20 Cal. App. 4th
141, 149 (1993) (quotations and citations omitted).  Therefore, the
state court's decision on Plaintiff's writ of mandate <u>may</u> collaterally
estop Plaintiff from litigating some of his claims in his federal case
and impact the necessary scope of discovery. <u>See</u> <u>Selvitella v. City</u>
<u>of S. San Francisco</u>, No. C 08-04388 CW, 2009 WL 2009, at *4 (N.D. Cal.
July 20, 2009) (finding that resolution of plaintiff's writ of mandate
challenging his termination could "have a preclusive effect on [his] §
1983 claims" and staying discovery pending resolution of the writ "in
the interest of judicial economy and to defer costly and possible
unnecessary discovery").  Further, since Plaintiff has not opposed

Defendants' motion to stay, it is assumed that he opines he will suffer no harm if this action is stayed pending the resolution of his writ proceeding in state court.[3]  Lastly, the stay will not last indefinitely but only until Plaintiff's writ proceeding is resolved.

Defendants' motion to stay, therefore, is granted.  This action shall be stayed until Plaintiff's writ of mandate proceeding currently pending in California Superior Court is decided.  When the writ of mandate proceeding is resolved, the parties shall notify the district court and a status conference will be scheduled.  The dates in the January 14, 2010 scheduling order are vacated.  A joint status report shall be filed within seven days of the date on which any decision on Plaintiff's writ of mandate proceeding currently pending in California Superior Court is filed.

Dated:  August 20, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[3]    Defendants' counsel declares that Plaintiff's counsel "agreed that requesting that the Court order an abstention-based stay . . . would be beneficial to all parties and avoid any prejudice."  (Tonon Decl. 2:11-15.)